# WINDHAM COUNTY.

ROBERT WIER

*vs.*

T. CHURCH.

Indebitatus assumpsit for £45 13s. 3d., money had and received, etc.

Plea, non-assumpsit.

The substance of the evidence to the Jury was, that on the — day of ————, 1787, N. Smith had an execution against R. Wier, in the hands of an officer. The defendant, as agent for Smith, proposed to Wier, that the execution should rest, without · expressly saying for how long; and that Wier should see Smith, for a settlement, on a certain day, which was agreed between them. And to secure all damages which might happen by the delay, Wier delivered to Church a note, signed by one Aylesworth, endorsed by one Watkins, and by Wier. At the same time, Wier declared if he did not go and make a settlement at the time, the whole should be forfeited. Church directed the officer immediately to go and serve the execution on Wier's land, and to keep it secret until he knew whether Wier made the settlement, which was done by the officer. Wier did not go, or make a settlement with Smith at the day, alledging that Church had broken the agreement. Wier's land was then set off to Smith, to satisfy the same execution. Church sold the note to Shattuck, who brought an action against Wier, as endorser, and Wier paid the note, to the amount of

Evidence.

6

Wier
vs.
Church.

£45 13s. 3d.  It was proved that Wier said, the note was good for nothing, and that Church said, he knew Wier ought to have something, but he had made a jocky trade with Shattuck, and took some lands, which were, perhaps, of no value ; and Shattuck would not join in a settlement.

Court.

If from the nature of the transaction, for-bearance to do a certain act on the one part, which, though not expressly mentioned, was in the meaning and contempla-tion of the par-ties, be neces-sary to render a performance of any avail, or even possible on the other part, it must be taken as a con-dition prece-dent.

The Court observed to the Jury, that, though, it were not expressly mentioned, yet, if they found it was the meaning of the parties, and followed from the nature of the transaction, that the execution against Wier should be stayed, that he might have an opportunity of settling with Smith, it must be considered as a con-dition precedent ; for if the execution went on, there was no opportunity for a settlement, and Wier would not forfeit, though he did not attempt it ; consequently Church could have no right to retain the note.  Trover would have lain against Church, immediately, on re-

Where Trover would lie, if de-fendant have sold the proper-ty, plaintiff may wave the tort and go for the value.

fusal to deliver it to Wier, while it remained in his own hands.  As he has sold it, Wier has a right to wave the tort, and go for the value of the note as sold.

Verdict for the plaintiff.